David L. Hoffman, Esq., No. 143,474
  *david@dlhpatent.com*
HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, California 91355
Telephone: (661) 775-0300
Telefax: (661) 347-1187

Attorneys for Plaintiffs
El Carmen, Inc. and Amerisal Foods, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

_____

EL CARMEN, INC., a California
corporation, and AMERISAL FOODS,
LLC, a California Limited Liability
Company,

        Plaintiffs,

        vs.

LA PERLA IMPORT, LLC, a Texas
Limited Liability Company, L.E.T.
IMPORT COMPANY LLC, a Texas
Limited Liability Company, and LUIS
EDUARDO TELARROJA, an
individual,

        Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.

COMPLAINT FOR:
1. **TRADEMARK INFRINGEMENT UNDER 15 USC §1114;**
2. **FALSE DESIGNATION OF ORIGIN UNDER 15 USC §1125;**
3. **TORTIOUS INTERFERENCE WITH EXISTING & PROSPECTIVE ECONOMIC ADVANTAGE;**
4. **SECTION 17200 UNFAIR COMPETITION;**
5. **TRADE LIBEL;**
6. **UNFAIR TRADE PRACTICES UNDER BUS. & PROF. CODE, § 17070  ET SEQ.; AND**
7. **VIOLATION OF THE CAL. UNFAIR PRACTICES ACT (BUS. & PROF. CODE, § 17200)**

**JURY DEMAND**

Plaintiffs EL CARMEN, INC. and AMERISAL FOODS, LLC, allege for their causes of action against Defendants LA PERLA IMPORT, LLC, L.E.T. IMPORT COMPANY LLC, and LUIS EDUARDO TELARROJA, the following:

## JURISDICTION AND VENUE

1.     This action arises under the trademark laws of the United States, specifically 15 U.S.C. § 1051 et seq., in particular Sections 32(a) and 43(a) of the Lanham Act, 15 U.S.C. §§1114 and 1125, and under state law governing trademark rights.

2.     This Court has jurisdiction of this matter under 28 U.S.C. §§1331 (federal question), §1332 (diversity jurisdiction) and §1338 (trademarks), and with respect to certain claims, 28 U.S.C. §1367  (supplemental jurisdiction) in addition to 28 U.S.C. §1332. The amount in controversy herein is well over $75,000 in each claim.

3.     On information and belief, Defendants have solicited business and/or have conducted business using their infringing name(s) and mark(s) ("Infringing Names") in this judicial district and/or have targeted their actions against Plaintiffs in this judicial district and/or have engaged in other forms of wrongful conduct including threatening Plaintiffs' principals, and/or derive substantial revenue from doing business, in this judicial district. Substantial events relating to the claims alleged herein occurred and are occurring in this judicial district and witnesses and/or potential witnesses reside in this district.  Accordingly, venue is proper under 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff EL CARMEN, INC. (hereinafter "EL CARMEN") is a California corporation and has an address of 16152 Covello Street, Van Nuys, California 91406. Plaintiff AMERISAL FOODS, LLC (hereinafter, "AMERISAL")

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300      Facsimile: (661) 347-1187

is a California Limited Liability Company and has an address of 16152 Covello Street, Van Nuys, California 91406 (collectively, "Plaintiffs").

5.     On information and belief, Defendant LA PERLA IMPORT, LLC (hereinafter "LA PERLA") is a Texas Limited Liability Company having a place of business at 5720 Green Ash Drive, Houston, Texas 77081.  On information and belief, Defendant L.E.T. IMPORT COMPANY LLC (hereinafter "L.E.T. IMPORT") is a Texas Limited Liability Company, having an address of 5720 Green Ash Drive, Houston, Texas 77081. On information and belief, Defendant Luis Eduardo Telarroja (AKAs include Ed Telarroja and Luis Eduardo Telarroja Martinez and variations thereof) (hereinafter "TELARROJA") is an individual having an address of 15426 Oak Lake Glen Drive, Sugar Land, Texas 77498 (collectively, "Defendants"). Also, on information and belief, Defendant LA PERLA IMPORT, LLC and/or Defendant TELARROJA sometimes do business as La Perla Import Co. and La Perla Import Company. On information and belief, Defendant, TELARROJA is the only shareholder or person in control of both of Defendants LA PERLA and L.E.T. IMPORT.

6.     Defendants, and each of them, are liable for the acts of the other Defendants alleged in this complaint as the alter egos of the other Defendants. Recognition of the privilege of separate existence would promote injustice because Defendants, and each of them, in bad faith dominated and controlled the other Defendants.  Upon further information and belief, Defendants and each of them, controlled the other Defendants so that each Defendant is now, and at all time mentioned in this complaint was, merely an instrumentality, agency, conduit, or adjunct of the other Defendants.

7.     On information and belief, Defendants, and each of them, used the other Defendants as a mere shell, instrumentality, and/or conduit for conducting business as a competitor of Plaintiffs. On information and belief, Defendants, and each of them, failed to provide sufficient funds or other assets to the corporate

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300     Facsimile: (661) 347-1187

Defendants, and attempted to do corporate business without providing any basis of financial responsibility to creditors. Upon further information and belief, Defendants, and each of them, organized and carried on the business of the other Defendants without substantial capital or sufficient assets available to meet prospective liabilities. On information and belief, Defendants, and each of them, commingled funds and other assets of the other Defendants with the funds and other assets of each Defendant for Defendants' own convenience and to assist in evading payment of obligations. On information and belief, each Defendant diverted funds and other assets of other Defendants to other than corporate uses. On information and belief, each Defendant treated the assets of the other Defendants as its own. On information and belief, each of the corporate Defendants failed to maintain minutes or adequate corporate records or both.  On information and belief, each of the corporate Defendants were inadequately capitalized by their shareholders.

## FACTUAL BACKGROUND

8.     Plaintiff EL CARMEN is owner of the trademarks PERLA and PERLA BANDERA DE EL SALVADOR ("The Marks"). Plaintiff AMERISAL is the exclusive licensee of The Marks and is in the business of importing and distributing various foods from Latin America, especially El Salvador, such as rice, beans, cheese, sour cream and tortillas. Plaintiffs and their customers use the mark PERLA as a shortened form of PERLA BANDERA DE EL SALVADOR.

9.     The Marks are well known among Latin American food distributors and purchasers, and others. Plaintiff EL CARMEN owns eight federal registrations (true and correct copies of which are attached collectively in Exhibit A hereto) on The Marks including as shown below:

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300     Facsimile: (661) 347-1187

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300   Facsimile: (661) 347-1187

| MARK | U.S. TM REG NO | GOODS | ISSUE DATE |
|---|---|---|---|
| PERLA | 5589787 | Cheese; Sour cream; Rice, specifically excluding pasta; Tortillas, specifically excluding bakery goods | 10/23/18 |
| PERLA | 5489533 | Processed beans; Refried beans; Corn cakes containing combinations of meat, cheese, beans and/or vegetables; Pupusas; Tamales | 6/12/18 |
|  | 5315343 | Corn cakes containing combinations of meat, cheese, beans and/or vegetables; Pupusas; Tamales; Tortillas | 10/24/17 |
| PERLA BANDERA DE EL SALVADOR | 5315228 | Processed beans; Refried beans, and Rice | 10/24/17 |
| PERLA BANDERA DE EL SALVADOR | 4571379 | Cheese; Sour cream | 7/22/14 |
|  | 4764145 | Processed beans; Refried beans, and Rice | 6/30/15 |
|  | 4754797 | Cheese; Sour cream | 6/16/15 |
|  | 3675468 | Sour Cream and Cheese | 9/1/09 |

10.     The dominant part of the PERLA BANDERA DE EL SALVADOR marks and brand is PERLA (which means "pearl" in English). The Marks and brand are arbitrary and strong. Plaintiffs and their predecessors in interest have been using The Marks in interstate commerce since at least as early as June 2005. The Marks identify the goods of Plaintiffs and distinguish them from those of others.

5

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300    Facsimile: (661) 347-1187

The Marks have thus come to represent the superior quality of Latin American food products provided by Plaintiffs.

11. On information and belief, Defendant TELARROJA registered the business name of L.E.T. IMPORT COMPANY LLC in Texas in September 2006.

12. On information and belief, on September 24, 2009, Defendant L.E.T. IMPORT filed trademark application nos. 76/699,611 and 76/699,610 to register CREMA PERLA and QUESO PERLA, both claiming first use in 2007 (after Plaintiffs' first use of The Marks.) From these filings, Defendant L.E.T. IMPORT obtained two trademark registrations, nos. 3,871,780 for the mark CREMA PERLA and 3,875,232 for the mark QUESO PERLA, both for cheese (Defendant L.E.T. IMPORT's registrations). Defendant L.E.T. IMPORT's registrations issued on November 9, 2010 and November 16, 2010, respectively. A true and correct copy of Defendant L.E.T. IMPORT's '780 and '232 registrations are attached hereto as Exhibit B.

13. After becoming aware of Defendant L.E.T. IMPORT's registrations, Plaintiff EL CARMEN's predecessors in interest (and current principals) Nora Elizabeth Pineda Saca and Vanessa Faggiolly brought a cancellation proceeding in the U.S. Trademark Office for cancellation of Defendant L.E.T. IMPORT's registrations based on two of the PERLA BANDERA DE EL SALVADOR registrations.

14. Plaintiff EL CARMEN, through its predecessors, won the cancellation proceeding (no. 92057342). A true and correct copy of the Trademark Trial and Appeal Board's (TTAB's) grant of the cancellation petition and the TTAB order cancelling Defendant L.E.T.'s registrations is attached hereto as Exhibit C.  At the time, Plaintiffs' counsel Ms. Harper also wrote to Defendants TELARROJA and L.E.T. IMPORT to change their packaging to stop using PERLA. Attached as Exhibit D is a true and correct copy of Ms. Harper's letter of May 14, 2013. On

information and belief, Defendants appeared to change packaging to move away from use of PERLA.

15.    Unknown to Plaintiffs, and on information and belief, at or about the time of the pending cancellation proceeding, i.e., on September 24, 2013, Defendant TELARROJA filed an application with the Texas Secretary of State to register the business name LA PERLA IMPORT, LLC, well after Plaintiffs first used and registered The Marks. On information and belief, Defendant TELARROJA had also filed a dba on the tradename LA PERLA IMPORT CO. in Harris County, Texas, in or about 2012, also well after Plaintiffs' first used and registered The Marks.

16.    In or about 2017, when one of Plaintiffs' more recent trademark applications on PERLA BANDERA DE EL SALVADOR was published for opposition, Defendant L.E.T. IMPORTS requested an extension of time to oppose U.S. Application No. 87/291,026 (which ultimately became Registration no. 5315228). However, Defendant L.E.T. IMPORTS did not follow through with any opposition, dropping the matter.

17.    On information and belief, even after forming LA PERLA IMPORT, LLC, Defendants did not use LA PERLA IMPORT, LLC, LA PERLA IMPORT CO., LA PERLA IMPORT COMPANY, LA PERLA and/or PERLA as trademarks.

18.    Then, in 2017, Plaintiffs became aware that Defendants were using LA PERLA IMPORT COMPANY on product packaging in a confusing manner with Plaintiffs' trademarks. Plaintiffs, via counsel, wrote to Defendants' counsel demanding that Defendants cease and desist from use of the LA PERLA and LA PERLA IMPORT COMPANY LLC name as a trademark. Attached as Exhibit E is a true and correct copy of Plaintiffs' counsel Ms. Harper's email dated June 23, 2017 to Defendants' counsel Ms. Madden demanding a change in Defendants' packaging. Also, on information and belief, on or about August 23, 2017, Plaintiffs obtained photos of Defendants' product packaging using LA PERLA IMPORT

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300     Facsimile: (661) 347-1187

COMPANY for cream ("Crema") and for cheese ("Queso"), and again using CREMA PERLA and QUESO PERLA. Thereafter, on information and belief, Defendants again changed their packaging to emphasize LA PERLA in a large, stylized font, and also again using QUESO PERLA and CREMA PERLA. Defendants, on information and belief, even changed the color of their packaging on some products to match Plaintiffs' orange color. On information and belief, attached hereto as Exhibit F is a true and correct copy of the Defendants' packaging as taken in August 2017.

19.    After further communications between the parties' counsel, Defendants again appeared to change their packaging this time to stop using the LA PERLA IMPORT COMPANY name and portions thereof as a trademark and to stop using CREMA PERLA and QUESO PERLA. On information and belief, attached as Exhibit G is a true and correct copy of Defendants' 2018 packaging for cream ("Crema") provided by Defendants' counsel to Plaintiffs which does not use PERLA and which uses the name LET IMPORT COMPANY LLC.

20.    However, recently Plaintiffs noticed Defendants packaging for their cheese and cream changed again, this time to an even more blatant use of LA PERLA. On information and belief, attached hereto as Exhibit H is a true and correct copy of such packaging for two of Defendants' products: cheese ("Queso") and cream ("Crema") as obtained from internet websites advertising the goods. The packaging now emphasizes LA PERLA which is written in a very large, stylized font. "IMPORT COMPANY" is written below in a very small font.

21.    Moreover, Defendants started offering their imported cheese to distributors in California and the west coast in direct competition with Plaintiff in a territory which, on information and belief, Defendants had not previously been in. Plaintiffs had their trademark counsel once again write a cease and desist letter to Defendants' counsel. A true and correct copy is attached hereto as Exhibit I.

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300     Facsimile: (661) 347-1187

22.     Plaintiffs' distributors have complained to Plaintiffs, causing Plaintiffs to lose their contracts and/or potential distribution contracts for Plaintiffs' products sold under The Marks. For example, as a result of Defendants' wrongful and intentional actions, a distributor La Michoacána Meat Market, Inc. ("La Michoacána") whom Plaintiffs did business with stopped doing business with Plaintiffs, resulting in millions of dollars in lost revenue to Plaintiffs. In addition, another distributor with whom Plaintiffs would do business has not done business because of Defendants' threats and false accusations that Plaintiffs are liars and cheats and stole Defendants' brand. Defendants have further disparaged Plaintiffs' products by stating to Plaintiffs' distributors and potential distributors that Plaintiffs' products are not legitimate and not original, that Plaintiffs' products are made in the U.S. and not El Salvador and that consumers are thereby cheated. To the contrary, Plaintiffs import their LA PERLA cheese, cream and other products from El Salvador. And, on information and belief, Defendants' mislead their distributors and customers by labelling their products with an address in El Salvador, and purporting to sell cheese and cream from El Salvador, which is not from El Salvador and instead is believed to be from Wisconsin and/or Nicaragua.

23.     Defendants' use of the Infringing Names and packaging have caused instances of actual confusion. For example, a purchaser of Defendants' food products contacted and wrongly complained to Plaintiffs thinking the Defendants' food product originated with Plaintiffs, but it did not.

24.     On or about August 4, 2020, on information and belief Defendant TELARROJA called Plaintiffs' offices pretending to be a customer. Plaintiffs' receptionist passed his call to Ms. Pineda Saca. The caller began screaming and threatening Ms. Pineda Saca in Spanish. The threats included stating the following in a menacing tone: "I know where you live." The screaming was so loud that Ms. Faggiolly took over the phone call from her mother, Ms. Pineda Saca, and asked who was calling. The caller hung up.

25.     About ten minutes later Ms. Faggiolly received another call from the same caller. This time Defendant TELARROJA identified himself and began screaming and threatening again. The threats again included stating the following in a menacing tone: "I know where you live." The threats further included that Plaintiffs were cheaters and he was going to make them pay for it.

26.     On or about the next day, August 5, 2020, Defendant TELARROJA called again and left a long message in Spanish, which includes the following accusations (as translated by Ms. Faggiolly who is fluent in Spanish and English):

…I'm calling from the company La Perla Import company, I am going to dare to leave a message because you directly sent me a letter to my home …. I am selling with a name not a brand, the name of my company and this is bringing confusion with the clients and this could bring me losses by which I want compensation. From now on we are going to [be] more aggressive than you because we are noticing you are too aggressive and are cheating different clients ….
You are telling lies and that is against the law…. You are cheating and are bringing me problems….

27.     Thereafter, on information and belief, Defendant TELARROJA has been contacting certain distributors and/or prospective distributors of Plaintiffs' products and threatening them and/or harassing them to get them to stop doing and/or refrain from doing business with Plaintiffs and/or to do business with Defendants. For example, on information and belief, Defendant TELARROJA made repeated calls to a large distributor of Plaintiffs' products located in California and urged him to stop buying Plaintiffs' products and to instead by Defendants' products. Also on information and belief, Defendant TELARROJA falsely claimed that Plaintiffs do not own The Marks and that Defendants own The

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300    Facsimile: (661) 347-1187

Marks and have the rights therein. Further, on information and belief, Defendant TELARROJA called Plaintiffs' principals obscene and insulting names, and said that they were thieves and cheaters because the PERLA brand belongs to him, and further that he will sell his products in California and finish Plaintiffs.

28.    On information and belief, Defendant TELARROJA at all times relevant hereto has been an owner, corporate office and/or director and/or managing member of Defendants L.E.T. IMPORTS and LA PERLA and has treated these companies as his alter ego. In addition, on information and belief, all Defendants have facilitated and continue to facilitate the use of the Infringing Names, receive revenue from the infringing activity and other wrongful activity alleged herein and conspired together to cause the infringing activity and other wrongful activity alleged herein. Further, on information and belief, Defendant TELARROJA, as an owner,  corporate officer and/or director and/or managing partner of Defendants L.E.T. IMPORTS and LA PERLA personally authorized and/or directed and/or participated in the infringing and other wrongful activity alleged herein. Therefore, Defendants are liable jointly and severally for all of the infringing activity and wrongful activity alleged herein.

**FIRST CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS UNDER LANHAM ACT §32, 15 U.S.C. §1114(a)**

29.    Plaintiffs incorporate by reference the facts and allegations of paragraphs 1 through 28 above, inclusive, as though fully set forth herein.

30.    This claim is against all Defendants for trademark infringement in violation of Lanham Act §32, 15 U.S.C. §1114.

31.    Plaintiff EL CARMEN is owner of The Marks and Plaintiff AMERISAL has exclusive rights to use The Marks in connection with various Latin American foods. The Marks have been used continuously since June 2005.

Plaintiff EL CARMEN's ownership of The Marks is evidenced by the eight U.S. Trademark Registrations of Exhibit A.

32.     Defendants have used, and are using, in interstate commerce the marks and trade names LA PERLA, LA PERLA IMPORT COMPANY and/or LA PERLA IMPORT COMPANY LLC (all collectively, the "Infringing Names").

33.     Defendants are using the Infringing Names on their product packaging such as for cheese in a manner likely to cause confusion, to cause mistake, or to deceive, as to the origin, affiliation, connection, or association between Defendants' usage of the Infringing Names and The Marks of Plaintiffs.

34.     Defendants have undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiffs.

35.     Defendants have used, and are using, in commerce the Infringing Names in such a way so as to create a likelihood of confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' goods by Plaintiffs.

36.     Defendants have therefore infringed, and are infringing, The Marks of Plaintiff EL CARMEN's eight trademark registrations in violation of the Lanham Act, 15 U.S.C. § 1114.

37.     On information and belief, at all times relevant to this action, including the time Defendants first adopted the Infringing Names and commenced their commercial use of them in connection with cheese from El Salvador, among other things, Defendants knew of Plaintiffs' and their predecessors prior adoption, ownership, and commercial use of The Marks in connection with cheese from El Salvador and other products, and thus Defendants' adoption of the Infringing Names was an attempt to trade on Plaintiffs' goodwill and good reputation. Defendants' infringement of The Marks is therefore willful and deliberate.

38.     Because   Defendants'   acts   have   been   committed   willfully,

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300          Facsimile: (661) 347-1187

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300    Facsimile: (661) 347-1187

intentionally, and with the intent to profit from Plaintiffs' goodwill in The Marks, this is an exceptional case and Plaintiffs are entitled to recover their attorneys' fees, costs, and expenses associated with this action.

39.   Furthermore, in light of Defendants' willful and intentionally infringing activities, Plaintiffs are entitled to recover Defendants' profits and are entitled to trebling of such damages pursuant to 15 U.S.C. §§ 1117(a) and 1117(b).

40.   By reason of Defendants' acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement.

41.   By reason of Defendants' acts of trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable injury and will have no adequate remedy at law unless and until this Court enters an order enjoining Defendants from any further acts of trademark infringement. Defendants' and those in concert with Defendants and those directing the infringing conduct.

### SECOND CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST DEFENDANTS FOR FALSE DESIGNATION OF ORIGIN UNDER 15 USC §1125

42.   Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 41, as though fully set forth herein.

43.   On information and belief, the representation, by affixing the above-mentioned statement that Defendants' products are from El Salvador are totally and intentionally false, misleading, and fraudulent.

44.   By reason of the acts of Defendants referred to herein, Defendants have falsely designated the origin of, and has falsely described or represented their products and has caused such products bearing the above-described false

designation of origin, with knowledge of such falsity, to be transported or used in commerce in contravention of 15 U.S.C.A. § 1125(a).

45.     The public is likely to be confused, mistaken, and deceived by Defendant's use of such false designations of origin, false descriptions, false representations, and Infringing Names and is likely to purchase products produced and sold by Defendants with such false designations of origin, false descriptions, and false representations in a mistaken belief that Defendants' products are made and imported from El Salvador.  Further, Plaintiffs, as direct competitors of Defendants, are likely to be damaged by such false designations of origin, false descriptions, false representations and use of the Infringing Names.

46.     This claim is for unfair competition committed by the Defendants against Plaintiffs.

47.     This Court has jurisdiction of the subject matter of this cause of action pursuant to 28 U.S.C.A. § 1338(b), it being a claim of unfair competition joined with substantial and related claims under the Federal Trademark Act of 1946.

48.     The acts and conduct of Defendants constitute a willful attempt to pass off and to induce others to pass off Defendants products as originating in El Salvador.

49.     Defendants' above-described acts are unlawful at common law as unfair competition as well as under the provisions of Cal. Bus & Prof. Code Section 17500  in that they create a likelihood of confusion or misunderstanding as to the source;  cause a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with the importation of goods from El Salvador, falsely represent that the goods have sponsorship, approval, or characteristics that they do not have or that the Defendants have a sponsorship, approval, status, affiliation, or connection that Defendants do not have.

50.     Plaintiffs believe that they have been, and will continue to be, damaged by Defendants' actions as aforesaid.

14

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300    Facsimile: (661) 347-1187

51.     Defendants' actions in continuing to use the Infringing Names without the consent of Plaintiffs' constitutes infringement of The Marks of Plaintiffs and in particular constitutes a false designation of origin and has caused and continues to cause a likelihood of confusion, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendant TELARROJA has facilitated, authorized and/or directed the infringing activity and on information and belief also receives revenue from the infringing activity.

52.     By reason of the foregoing, Plaintiffs have been injured in an amount not yet fully determined but believed to be in excess of the jurisdictional limit of this Court, in an amount to be proven at the time of trial. In addition, as a result of Defendants' acts of trademark infringement and false designation of origin, Plaintiffs have suffered and will continue to suffer irreparable harm, and Plaintiffs have no adequate remedy at law with respect to this injury. Unless the acts of trademark infringement and false designation of origin are enjoined by this Court, Plaintiffs will continue to suffer irreparable harm.

53.     Defendants' actions have been knowing, intentional, wanton, and willful, entitling Plaintiffs to damages (in an amount to be proven at trial, treble damages, profits, attorney fees, and the costs of this action.)

**THIRD CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST DEFENDANTS FOR TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE ECONOMIC ADVANTAGE**

54.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 53, as though fully set forth herein.

55.     Plaintiffs have valid business expectancies with their distributors, business partners, and customers ("Customers") and prospective Customers of their

products. Plaintiffs had a reasonable probability of realizing financial benefit from their Customers and prospective customers ("Prospective Customers").

56.     Defendants were aware of Plaintiffs' Customers and Prospective Customers.

57.     Plaintiffs were involved in valid and existing business relationship with La Michoacána, with its principal place of business in Houston, Texas, in that La Michoacána had been purchasing Plaintiffs' products since 2017.

58.     Defendants knew of the relationship between Plaintiffs and La Michoacána.

59.     Defendant intentionally disrupted the relationship between Plaintiffs and La Michoacána by committing the following wrongful acts: Defendants defamed Plaintiffs and their products by claiming that Plaintiffs were liars, cheats and did not own the PERLA trademark and that Plaintiffs' goods were inferior and did not come from El Salvador, among other things.

60.     As a result of Defendant's intentional acts, the business relationship between Plaintiffs and La Michoacána  was disrupted in that La Michoacána  would no longer do business with Plaintiffs.

61.     Defendants' interference with the business relationship between Plaintiffs and La Michoacána has resulted in damage to Plaintiffs in at least the amount of $2,000,000 per year.

62.     Defendants have undertaken intentional acts and misrepresentations and/or threats and/or harassment itemized above ("Defendants' Wrongful Conduct") to disrupt the economic relationships between Plaintiffs and their Customers and prospective Customers.

63.     All of the foregoing actions by Defendants were undertaken with the intention of causing and/or inducing third parties to do business with Defendants rather than with Plaintiffs, and/or to cause and/or induce said Customers and Prospective Customers to stop doing business with Plaintiffs and/or purchasing

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300     Facsimile: (661) 347-1187

Plaintiffs' products and/or to purchase Defendants' products instead, thereby depriving Plaintiffs of the profits and other benefits to be derived from sales of their products, and otherwise causing injury to Plaintiffs and their business.

64.     At the time Defendants engaged in Defendants' Wrongful Conduct, including their false and baseless claims that Plaintiffs do not own rights in The Marks and/or continued harassment of and/or threats against Plaintiffs' Customers and Prospective Customers, Defendants knew or should have known these claims were false and the actions groundless.

65.     A reasonable person would have foreseen that, under the circumstances, that Defendants' Wrongful Conduct would harm Plaintiffs and damage their relationships with their Customers and Prospective Customers, and Defendants engaged in Defendants' Wrongful Conduct with the purpose of causing Plaintiffs' Customers and Prospective Customers to refrain from purchasing Plaintiffs' products and doing business with Plaintiffs.

66.     Defendants' Wrongful Conduct directly and proximately caused Plaintiffs' Customers and Prospective Customers to cease conducting business with Plaintiffs and to refrain from purchasing Plaintiffs' products, and Plaintiffs' have thereby suffered damages in an amount to be proven at trial and which is believed to be at least $2,000,000 per year.

67.     The harm to Plaintiffs from Defendants' Wrongful Conduct as alleged herein is ongoing, in that Plaintiffs' Customers and Prospective Customers continue to refrain from doing business with Plaintiffs due to Defendants' Wrongful Conduct.

68.     Money damages will not make Plaintiffs whole for the injury caused by the Defendants' Wrongful Conduct. Unless enjoined by this Court, Defendants' Wrongful Conduct will continue.

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300    Facsimile: (661) 347-1187

17

69.     Defendants' Wrongful Conduct is and has been willful, wanton, malicious, oppressive, and in conscious disregard of Plaintiffs' rights, justifying the imposition of punitive and exemplary damages under California Civil Code §3294.

## FIFTH CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST DEFENDANTS FOR TRADE LIBEL

70.     Plaintiffs incorporate by reference the allegations set forth above in Paragraphs 1 through 69, as though fully set forth herein.

71.     As set forth above, Plaintiff imports and distributes various foods from Latin America, especially El Salvador, such as rice, beans, cheese, sour cream and tortillas.

72.     As set forth above, Defendants intentionally, wrongfully, without justification, and without privilege published certain statement or communications to La Michoacána and others, On information and belief, customers and prospective customers of Plaintiffs, stating that Plaintiffs are liars and cheats and stole Defendants' brand.

73.     On information and belief, Defendants have further disparaged Plaintiffs' products by stating to Plaintiffs' distributors and potential distributors that Plaintiffs' products are not legitimate and not original, that Plaintiffs' products are made in the U.S. and not El Salvador and that consumers are thereby cheated even though Plaintiffs import their LA PERLA cheese, cream and other products from El Salvador.

74.     On information and belief, Defendants' label their products with an address in El Salvador, and purport to sell cheese and cream from El Salvador, which is not from El Salvador and instead is believed to be from Wisconsin and/or Nicaragua.

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300     Facsimile: (661) 347-1187

75.     The statements made above were made about and concerning Plaintiff's goods, and were understood by readers to refer to Plaintiff's goods, because Plaintiffs goods are well known and are specifically marketed as imported goods from El Salvador.

76.     The statements made by Defendants are false.

77.     These statements disparaged Plaintiff's goods by falsely asserting that they are fake and not imported from El Salvador.

78.     The statements proximately caused damage to Plaintiff in that they have deterred customers from purchasing Plaintiff's above-described goods. They have also deterred customers from conducting business with Plaintiff. As a direct and proximate result of these statements, Plaintiff has suffered pecuniary loss in the sum of at least $2,000,000 per year.

79.     On information and belief, the statements  were motivated by Defendants' malice and oppression in that Defendants goods are not from El Salvador, that Defendants falsely assert that they are, that Defendants made the disparaging comments wantonly and willfully, knowing they were false with the specific intent to harm and damage Plaintiffs.  On information and belief, Defendants knew that by making the statements, customers and prospective customers would know that Defendants were making specific statements about Plaintiffs and their goods. Therefore, Plaintiff is entitled under Civil Code section 3294, subdivison (a) to punitive damages in an amount sufficient to punish Defendants and deter similar conduct in the future.

**SIXTH CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST DEFENDANTS FOR UNFAIR TRADE PRACTICES INJUNCTIVE RELIEF AND DAMAGES UNDER BUS. & PROF. CODE, § 17070 ET SEQ.**

80.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 79, as though fully set forth herein.

81.     As set forth above, and at all times mentioned in this complaint, Plaintiffs and Defendants were and are engaged in the business of selling similar products and were and are competitors in the marketing of said products.

82.     By engaging in the acts and omissions set forth above, Defendants, and each of them have violated the Unfair Practices Act.

83.      In doing the acts alleged, Defendants acted with the intent and purpose to injure Plaintiffs and to destroy the competition furnished by Plaintiffs.

84.     These acts of Defendants were, and are, unlawful in that they constitute violations of the California Unfair Practices Act, Bus. & Prof. Code, §§ 17000 to 17210.

85.  None of the acts alleged are excepted by Bus. & Prof. Code, § 17050.

86.     Plaintiffs have no adequate remedy at law in that Defendants' acts have diverted trade from Plaintiffs in an anticompetitive and unfair manner, and are continuing to so divert trade from Plaintiffs, resulting in a loss of Plaintiffs' business, income, customers, and goodwill, all of which will result in irreparable harm to Plaintiffs if the acts of Defendants are not enjoined.

87.     Plaintiffs are informed and believes and on that information and belief alleges that the acts of Defendants described above, done in violation of the California Unfair Practices Act, have caused Plaintiffs damages in an amount of at least $2,000,000 per year, and that any further similar acts done by Defendants will, unless restrained, cause irreparable injury and damage to Plaintiffs, the exact nature, amount, and extent of those damages being impossible to ascertain.

88.     Plaintiff is entitled to an award of reasonable attorney's fees, together with costs of suit, pursuant to Business and Professions Code section 17082.

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300    Facsimile: (661) 347-1187

**SEVENTH CAUSE OF ACTION BY ALL PLAINTIFFS AGAINST DEFENDANTS FOR VIOLATION OF THE CAL. UNFAIR PRACTICES ACT (BUS. & PROF. CODE, § 17200)**

89.     Plaintiffs incorporate by reference the allegations set forth above in paragraphs 1 through 88, as though fully set forth herein.

90.     Defendants' Wrongful Conduct directed to Plaintiffs' Customers and Prospective Customers constitutes unlawful and unfair business acts and unfair competition in violation of § 17200 et. seq. of the California Business and Professions Code. Defendants' communications in bad faith have also resulted in substantial lost sales of Plaintiffs' products, and lost profits in an amount of at least $2,000,000 per year and the full amount to be proven at trial.

91.     Plaintiffs' are informed and believes and thereon allege that unless restrained by this Court, Defendants will continue the aforesaid unlawful and unfair business acts, and pecuniary compensation will not afford Plaintiffs' adequate relief for the damage to its business in the public perception.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For a judgment that the registered and common law trademarks PERLA and PERLA BANDERA DE EL SALVADOR have been infringed by Defendants;

2.     Preliminary and permanent injunctions against Defendants continued infringement of Plaintiffs' PERLA and PERLA BANDERA DE EL SALVADOR trademarks, preventing their continued infringement, including against any use of "PERLA" in Defendants' company name and all Infringing Names in connection with any food products and any other confusingly similar marks, pursuant to 15 U.S.C. §1116(a).

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300    Facsimile: (661) 347-1187

3.     For damages resulting from Defendants' trademark infringement, and trebling and/or enhancement of such damages under the trademark laws as an exceptional case because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

4.     For damages (in an amount to be proven at trial and believed to be at least $6,000,000), the amount equal to the actual damages suffered by Plaintiffs as a result of the infringement, an amount equal to the profits earned by Defendants as a result of their trademark infringement, and an amount equal to three times the monetary award assessed in view of Defendants' willful and wanton infringement; pre-judgment interest and post-judgment interest; reasonable attorney fees, as an exceptional case under 15 U.S.C. § 1117 and/or § 17 U.S.C. 512(f);

5.     An award of punitive damages for intentional and willful acts;

6.     For additional damages to Plaintiffs for Defendants' Wrongful Conduct in an amount to be proven at trial;

7.     That on the false designation of origin cause of action, the Court adjudge and decree that Defendants have falsely designated the origin of their products, has falsely described such products, have induced others to designate, falsely, the origin of such products, and have made and used false representations in connection with the sale, offering for sale, promotion, and advertising of such products, all in violation of 15 U.S.C.A. § 1125(a); The Court adjudge and decree that Defendants have unfairly competed with Plaintiffs by infringing upon Plaintiffs common-law rights and have passed off and caused others to pass off their products as being from El Salvador in violation of the common law of unfair competition and of Cal. Bus. & Prof. Code Section 17500; the Court preliminarily and permanently enjoin Defendants, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with Defendants or with any of the foregoing from using, displaying, or selling any products falsely indicating their

origination or importation from El Salvador; and attorneys' fees if permitted by law.

8.    That on the tortious interference with prospective economic advantage cause of action, Plaintiffs be awarded actual damages according to proof at trial, punitive damages, and injunctive relief;

9.    That on the trade libel cause of action, the Court award judgment from Defendants for general damages according to proof; special damages for pecuniary loss according to proof; punitive damages; costs of suit; and such other and further relief as this Court may deem just and proper.

10.    That on the Cal. Bus. & Prof Code §17070 cause of action, the Court issue a permanent injunction restraining and enjoining Defendants from continuing the acts and conduct set forth above;  during the pendency of this action, a preliminary injunction to enjoin and restrain Defendants from the acts and conduct set forth above;  damages in the amount of at least $6,000,000 per year, as three times the amount of the actual damages sustained by Plaintiffs, in accordance with the provisions of Business and Professions Code section 17082;  reasonable attorney's fees, in accordance with the provisions of Business and Professions Code section 17082; costs of suit; and any further relief that the Court may deem just and equitable to deter Defendant from, and ensure against, the commission of a future violation of the Unfair Practices Act.

11.    That on the Cal. Bus. & Prof. Code §§17200 cause of action, for an order requiring the Defendants to restore any money or property that Defendants may have acquired as a result of any act or practice constituting unfair competition, and an order requiring Defendants to disgorge any profits that they acquired as a result of their unfair competition with Plaintiffs.

12.    For costs of suit incurred herein;

13.    For an order finding that an award of pre and post-judgment interest is necessary to fully compensate Plaintiffs for the damage they have sustained;

HOFFMAN PATENT GROUP, a Prof. Law Corp.
28494 Westinghouse Place, Suite 204
Valencia, CA 91355
Telephone: (661) 775-0300    Facsimile: (661) 347-1187

23

14.    For such other and further relief as the Court may deem proper.

Dated: September 19, 2020       HOFFMAN PATENT GROUP, a Prof. Law Corp.

By:__/s/David L. Hoffman___
David L. Hoffman, Esq.
28494 Westinghouse Place, Suite 204
Valencia, California  91355
Telephone: (661) 775-0300
Facsimile: (661) 775-9423
Email: David@dlhpatent.com

Attorneys for Plaintiffs
EL CARMEN, INC. AND
AMERISAL FOODS, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Plaintiffs EL CARMEN, INC. AND AMERISAL FOODS, LLC hereby demand a jury trial on all these claims in the foregoing Complaint.

Dated: September 19, 2020        HOFFMAN PATENT GROUP, a Prof. Law Corp.


By:_ _/s/David L. Hoffman____
David L. Hoffman, Esq.
28494 Westinghouse Place, Suite 204
Valencia, California  91355
Telephone: (661) 775-0300
Facsimile: (661) 775-9423
Email: David@dlhpatent.com

Attorneys for Plaintiffs
EL CARMEN, INC. AND
AMERISAL FOODS, LLC

24A