JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL CARMEN, INC., a California corporation, and<br>AMERISAL FOODS, LLC, a California Limited Liability Company,<br><br>        Plaintiffs,<br><br>   v.<br><br>LA PERLA IMPORT, LLC, a Texas Limited Liability Company,<br>L.E.T. IMPORT COMPANY LLC, a Texas Limited Liability Company, and<br>LUIS EDUARDO TELARROJA, an individual,<br><br>        Defendants. | Case No. 2:20-cv-08599-JWH-KSx<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |
| LA PERLA IMPORT, LLC, a Texas Limited Liability Company,<br>L.E.T. IMPORT COMPANY LLC, a Texas Limited Liability Company, and<br>LUIS EDUARDO TELARROJA, an individual,<br><br>        Counterclaimants,<br><br>   v.<br><br>EL CARMEN, INC., a California corporation, and<br>AMERISAL FOODS, LLC, a California Limited Liability Company,<br><br>        Counterdefendants, | |

Pursuant to the Settlement Agreement and the Stipulation of the Parties, the Court makes the following findings of fact and conclusions of law:

1. Plaintiff El Carmen, Inc. ("El Carmen") is the owner of all right, title and interest in and to the United States Trademark Registrations set forth in the table below (collectively, "the Registered PERLA Marks").

| MARK | U.S. TM REG NO | GOODS | ISSUE DATE |
|---|---|---|---|
| PERLA | 5,589,787 | Cheese; Sour cream; Rice, specifically excluding pasta; Tortillas, specifically excluding bakery goods | 10/23/18 |
| PERLA | 5,489,533 | Processed beans; Refried beans; Corn cakes containing combinations of meat, cheese, beans and/or vegetables; Pupusas; Tamales | 6/12/18 |
| Perla Bandera de El Salvador (logo) | 5,315,343 | Corn cakes containing combinations of meat, cheese, beans and/or vegetables; Pupusas; Tamales; Tortillas | 10/24/17 |
| PERLA BANDERA DE EL SALVADOR | 5,315,228 | Processed beans; Refried beans, and Rice | 10/24/17 |
| PERLA BANDERA DE EL SALVADOR | 4,571,379 | Cheese; Sour cream | 7/22/14 |
| Perla Bandera de El Salvador (logo) | 4,764,145 | Processed beans; Refried beans, and Rice | 6/30/15 |
| Perla Bandera de El Salvador (logo) | 4,754,797 | Cheese; Sour cream | 6/16/15 |

| MARK | U.S. TM REG NO | GOODS | ISSUE DATE |
|---|---|---|---|
| Perla | 3,675,468 | Sour Cream and Cheese | 9/1/09 |

2. El Carmen has used the Registered PERLA Marks, through its related company and co-Plaintiff Amerisal Foods LLC ("Amerisal"). El Carmen and Amerisal are referred to herein jointly as "Plaintiffs." Plaintiffs have alleged that the above marks were also used in interstate commerce, prior to registration with the United States Patent and Trademark Office, in connection with the marketing and sale of the goods listed in the above table by predecessor entities from whom El Carmen acquired the marks. Of the above listed registrations, Registration Nos. 4,764,145; 4,754,797; 4,571,379; and 3,675,468 are incontestable. El Carmen also claims to own common law rights in such marks (collectively, the "Common Law PERLA Marks"). The Common Law PERLA Marks and the Registered PERLA Marks are collectively referred to as the "PERLA Marks."

3. La Perla Import, LLC; L.E.T. Import Company LLC; and Luis Eduardo Telarroja (collectively, "Defendants" or "Counterclaimants") have engaged in a number of activities that allegedly infringe Plaintiff's PERLA Marks and allegedly constitute unfair competition.

4. Plaintiffs allege that Defendants' use of marks and terms containing "Perla" therein on Defendants' goods and in Defendants' business name and marketing is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products and/or services are endorsed, sponsored, approved, or licensed by Plaintiffs, or are associated or

connected with Plaintiffs, or otherwise authorized by Plaintiffs when, in fact, there is no such endorsement, sponsorship, or approval.

5. Plaintiffs have not consented to, sponsored, endorsed, or approved of Defendants' use of the PERLA Marks, or any variations thereof in connection with the marketing or sale of any of Defendants' products or services, nor are Plaintiffs affiliated in any way with Defendants.

6. Defendants are alleged to have engaged in activities that have interfered with Plaintiffs' actual and prospective business relationships.

7. Defendants have made similar claims of interference and unfair competition against Plaintiffs and have alleged that Plaintiffs' PERLA marks should be cancelled or subject to concurrent use in Texas by Defendants, among other claims.

8. To resolve this litigation, the parties have agreed to judgment as set forth herein without admission of wrongdoing by any party and the judgment and permanent injunction are not evidence of any wrongdoing by any party.

9. This action arises under the trademark laws of the United States, specifically 15 U.S.C. §§ 1051 *et seq.*, in particular Sections 32(a) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and under state law governing trademark rights.

10. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§ 1331 (federal question), § 1332 (diversity jurisdiction), and § 1338 (trademarks), and with respect to certain claims, 28 U.S.C. § 1367 (supplemental jurisdiction) in addition to 28 U.S.C. § 1332.  The amount in controversy herein is well over $75,000 in each claim.

Based on the foregoing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

On Plaintiffs' first through seventh causes of action, and on Defendants' and Counterclaimants' two counterclaims in this Action, the Court grants the permanent injunction as set forth herein; and

For the foregoing reasons and good cause shown, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that this stipulated consent Permanent Injunction is hereby **GRANTED** as follows:

1. LA PERLA IMPORT, LLC and L.E.T. IMPORT COMPANY LLC, both Texas Limited Liability Companies, and also LUIS EDUARDO TELARROJA, an individual, residing at 2611 Caney Creek Court, Richmond, Texas, 77406 (collectively, "Defendants"), their officers, directors, employees, agents, subsidiaries, distributors, affiliates, and all persons in active concert with Defendants having notice of this Order are, unless given express written consent by EL CARMEN, INC., hereby enjoined from all use, registration, or maintenance of any mark, domain name, email address, social media name, social media account name, and any other electronic account name, electronic address, metatag, key word, Google® AdWords®, business name, company name, and any other name using PERLA or any variation thereof such as but not limited to LA PERLA, QUESO PERLA, CREMA PERLA, LA PERLA IMPORT or any equivalent thereof, or any other names, words, designations, or symbols containing or confusingly similar to PERLA, LA PERLA, and/or PERLA BANDERA DE EL SALVADOR except that Defendants may keep the business name "La Perla Import LLC" registered with the Texas Secretary of State and may use this business name as a business name in only the following limited manner meeting each and every requirement of (a) to (g) below and only for so long as Defendant Eduardo Telarroja owns and controls Defendants:

   a. Only on the rear label and/or rear side of Salvadorian cheese or cream or Salvadorean style cheese or cream, wherein the rear label and/or rear side is the label and/or side that is facing away from potential

consumers when the cheese and/or cream are placed and/or shown for purchase and is opposite the logo and/or artwork intended to be displayed to the potential consumers;

  b. In no larger than 7-point font (characters no more than 7/72" in height or less);

  c. The font size and color of all letters in the business name "La Perla Import LLC" are the same;

  d. The letters in the business name "La Perla Import LLC" are all on one line;

  e. Defendants' Texas address and Texas phone number must be immediately below the "La Perla Import LLC" busines name, and in the same font size;

  f. Any products containing packaging with the "La Perla Import LLC" business name per this permanent injunction shall not be marketed or sold on the internet by Defendants using the "La Perla Import LLC" business name, except that retailers of Defendants' products having brick and mortar stores and web accessible shopping for such stores may offer such products with the "La Perla Import LLC" name on the products on their website for in store pickup and/or local delivery only; and

  g. Only for sale of products in Texas, New Mexico, Arkansas, Louisiana, Oklahoma, and Georgia when using packaging with the "La Perla Import LLC" business name and only as long as Defendants have a written agreement with any and all distributors and grocery store chains that the packaging having the "La Perla Import LLC" business name is only for distribution and sale within the states of Texas, New Mexico, Arkansas, Louisiana, Oklahoma, and Georgia and not for sale outside such states.

2. Defendants and all persons in active concert with any Defendant are also enjoined from representing, labeling, advertising, marketing, and/or selling any food products as originating in El Salvador when in fact such food products do not originate in El Salvador.

3. Notwithstanding anything else herein, Defendants may continue to keep the business name "La Perla Import LLC" on trucks used in the states of Texas, New Mexico, Arkansas, Louisiana, Oklahoma, and Georgia in the same manner as their currently existing truck as set forth in the settlement agreement between the parties but only for so long as Defendant Eduardo Telarroja owns and controls Defendants.

4. The Court shall maintain jurisdiction to enforce this Order and to enforce the settlement agreement between the parties.

5. Each party shall bear its own costs and attorneys' fees.

6. Any violation of this Judgment and Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions including criminal and/or civil penalties.

**IT IS SO ORDERED.**

Dated: November 4, 2021

John W. Holcomb
UNITED STATES DISTRICT JUDGE